**So Ordered.**



Frank L. Kurtz
Bankruptcy Judge

**Dated: October 1st, 2014**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br>ST. MARIE, GLENN M., and<br>ST. MARIE, TERRY L.,<br><br>Debtors in possession. | No. 11-03084-FLK11<br><br>**FINDINGS OF FACT ON CONFIRMATION OF THIRD AMENDED PLAN** |

THIS MATTER having come before the Court on October 1, 2014, on confirmation of Debtors' Third Amended Plan filed herein, the proposed Third Amended Plan of Reorganization having been filed herein and having been transmitted to the Master Mailing List and all previously objecting parties, after proper notice, and the parties having resolved remaining objections, the objecting parties having been represented by counsel, and the Court having been fully advised, hereby finds:

1. Issues between the Debtors and Objecting Parties, which previously included, Specialized Loan Servicing, Grant County Treasurer, and the U.S. Trustee's office, have been resolved by the Third Amended Plan, previously filed modifications thereto, or the proposed order for confirmation, and all Objecting Parties have withdrawn their objections and approved the changes.

2. The applicable provisions of Title 11 U.S.C. have been complied with by the Plan and the proponents; the Plan has been proposed in good faith and not by any means forbidden by law.

FINDINGS OF FACT ON CONFIRMATION
OF THIRD AMENDED PLAN- 1

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

3. The Plan provides that each holder of a claim or interest has accepted the Plan or will receive or retain under the Plan property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under Chapter 7 of the Code on such date;

4. Any payment made or to be made by the proponents, by the Debtors, or by a person issuing securities or acquiring property under the Plan, for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, has been approved by, or is subject to the approval of, the court as reasonable.

5. The proponents of the Plan have disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the Plan, as a director, officer, or voting trustee of the Debtors, an affiliate of the Debtors participating in a joint plan with the Debtors, or a successor to the Debtors under the Plan; and the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders and with public policy.

6. With respect to each impaired class of claims or interests, each holder of a claim or interest of such class has accepted the Plan; or will receive or retain under the Plan on account of such claim or interest property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtors were liquidated under Chapter 7 of Title 11 U.S.C. on such date.

7. Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Plan provides that, with respect to a claim of a kind specified in 11 U.S.C. § 507(a)(2) or § 507(a)(3), on the effective date of the Plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim; with respect to a class of claims of a kind specified in 11 U.S.C. §§ 507(a)(1), (a)(4) (wages), (a)(5) (employee benefit plan contribution), (a)(6) (agriculture and fisheries), or (a)(7) (rental deposits), each holder of a claim of

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

such class will receive, if such class has accepted the Plan, deferred cash payments of a value, as of the effective date of the Plan, equal to the allowed amount of such claim;

8. With respect to a claim of a kind specified in 11 U.S.C. § 507(a)(8) (taxes), the holder of such claim will receive on account of such claim regular installment payments in cash-of a total value, as of the effective date of the Plan, equal to the allowed amount of such claim; over a period ending not later than five (5) years after the date of the order for relief under 11 U.S.C. §§ 301, 302, or 303; and in a manner not less favorable than the most favored non-priority unsecured claim provided for by the Plan (other than cash payments made to a class of creditors under section 11 U.S.C. § 1122(b).

9. With respect to a secured claim which would otherwise meet the description of an unsecured claim of a governmental unit under 11 U.S.C. section 507 (a)(8), but for the secured status of that claim, the holder of that claim will receive on account of that claim, cash payments, in the same manner and over the same period, as described in Paragraph 8, above.

10. At least one class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider.

11. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtors or any successor to the Debtors under the Plan, unless such liquidation or reorganization is proposed in the Plan.

12. All U.S. Trustee fees payable under § 1930 of title 28, as determined by the Court at the hearing on confirmation of the Plan, have been paid or the Plan provides for the payment of all such fees on the effective date of the Plan.

13. With respect to a class of secured claims, the Plan provides that the holders of such claims retain the liens securing such claims, whether the property subject to such liens is retained by the Debtors or transferred to another entity, to the extent of the allowed amount of such claims; and that each holder of a claim of such

FINDINGS OF FACT ON CONFIRMATION
OF THIRD AMENDED PLAN- 3

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

11-03084-FLK11    Doc 375    Filed 10/01/14    Entered 10/02/14 09:58:08    Pg 3 of 4

class receives on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the Plan, of at least the value of such holder's interest in the estate's interest in such property;

14. With respect to a class of secured claims the Plan provides that each holder of a claim of such class receive or retain on account of such claim property of a value, as of the effective date of the Plan, equal to the allowed amount of such claim; or the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the Plan on account of such junior claim or interest any property,

15. The Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan.

NOW THEREFORE, having made the above Findings, the Court hereby concludes:

1. The Third Amended Plan, including all Modifications and agreed revisions should be confirmed.

/// END OF ORDER ///

Presented by:
WINSTON & CASHATT, LAWYERS
/s/ Timothy R. Fischer
_____
TIMOTHY R. FISCHER, WSBA No. 40075
Attorneys for Debtor-in-Possession

FINDINGS OF FACT ON CONFIRMATION
OF THIRD AMENDED PLAN- 4

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

11-03084-FLK11    Doc 375    Filed 10/01/14    Entered 10/02/14 09:58:08    Pg 4 of 4